FILED
SCRANTON

APR 30 2013

PER

DEPUTY CLERK

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WARREN RILEY,
        Plaintiff,

    v.

DR. JOHN LISIZK, et al.,
        Defendants.

 :    CIVIL ACTION NO. 3:12-CV-1818

 :    (Judge Kosik)

## MEMORANDUM

Before the court are plaintiff's objections (Doc. 31) to the Report and Recommendation of Magistrate Judge Martin C. Carlson filed February 8, 2013 (Doc. 25), recommending that the defendants' Motions to Dismiss be granted. For the reasons which follow, we will adopt the Report and Recommendation of the Magistrate Judge.

## BACKGROUND

Plaintiff, Warren Riley, an inmate at the State Correctional Institution-Mahanoy, Frackville, Pennsylvania, filed a pro se civil rights complaint on September 11, 2012. The basis of plaintiff's complaint was deliberate indifference to plaintiff's medical needs, specifically, a failure to test for colon cancer and other medical conditions.[1] On December 5, 2012, a motion to dismiss and brief in support thereof was filed by defendants Andreuzzi, Diaz, Gusitius, and Lisizk (Docs. 19 and 20). On December 12, 2012, a Motion to Dismiss and brief in support thereof was filed by defendant, Barbara Joe (Docs. 23 and 24).

On February 8, 2013, the Magistrate Judge issued his Report and Recommendation (Doc, 25), recommending that the defendants' motions to dismiss be granted. Following the filing of the Report and Recommendation of the Magistrate

---

[1] Attached to plaintiff's complaint were the grievances and responses filed in relation to his complaint.

Judge, the plaintiff has filed several documents with the court addressing his health concerns and conditions of confinement.[2]

DISCUSSION

When objections are filed to a Report and Recommendation of a Magistrate Judge, we must make a de novo determination of those portions of the Report to which objections are made. 28 U.S.C. §636(b)(1)(C); see Sample v. Diecks, 885 F.2d 1099, 1106 n.3 (3d Cir. 1989). In doing so, we may accept, reject or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. §636(b)(1); Local Rule 72.3. Although our review is de novo, we are permitted by statute to rely upon the Magistrate Judge's proposed recommendations to the extent we, in the exercise of sound discretion, deem proper. United States v. Raddatz, 447 U.S. 667, 676 (1980); Goney v. Clark, 749 F.2d 5, 7 (3d Cir. 1984).

In his Report and Recommendation, the Magistrate Judge first discusses plaintiff's failure to file any timely opposition to defendants' motions to dismiss citing Local Rule 7.6. The Magistrate Judge also finds that dismissal of the case is warranted under Federal Rule of Civil Procedure, Rule 41(b). The Magistrate Judge addresses the factors set forth in Poulis v. State Farm Fire and Casualty Co., 747 F. 2d 863, 868 (3d Cir. 1984) and determines that the Poulis factors favor dismissal of this action. Finally, the Magistrate Judge finds that plaintiff's claims fail on their merits. Specifically, the Magistrate Judge addresses the standard applied by courts in addressing an Eighth Amendment claim of deliberate indifference to a serious medical need.

In addressing the merits of the claims raised in plaintiff's complaint, the Magistrate Judge concludes:

---

[2] We note that in response to one of plaintiff's concerns, this court had the United States Probation Office contact the institution where plaintiff is housed to check on plaintiff's concerns. See Doc. 29.

Judged against these standards, Riley's complaint affirmatively reveals that the plaintiff cannot sustain an Eighth Amendment deliberate indifference claim against medical staff because it is entirely undisputed that the plaintiff has received medical care on numerous occasions, and that multiple tests simply fail to confirm his morbid fear that he suffers from colon cancer. As Riley himself acknowledges he has been told by a treating prison care-giver that: "You have written to me many times and I have therefore reviewed your record many times. We tested your urine and stool for blood and there is no blood found in either. At this point cancer is not something on the minds of practitioners because these tests are normal." (Doc. 1-1, p. 2).

All of this on-going care is undisputed in the factual record, and is fatal to Riley's claim that prison staff are deliberately indifferent to his medical needs. Thus, in its present posture, these Eighth Amendment claims should be dismissed. (Doc. 25, pp. 16-17).

As the Magistrate Judge points out, plaintiff's allegations amount to a disagreement over the proper course of treatment and fail to allege a reckless disregard with respect to his care. While plaintiff would prefer a different course of treatment, this does not establish deliberate indifference. Moreover, the Magistrate Judge further indicates that granting plaintiff leave to amend his complaint would be futile.

As we indicated earlier, following the filing of the Report and Recommendation, plaintiff has filed several documents with this court. Plaintiff raises a need for a wheelchair and the refusal of a shower (Doc. 27); a letter requesting that his case not be dismissed and asserting that the medical staff is refusing to give him treatment (Doc. 30); documents related to his administrative remedies (Doc. 31); and three letters raising issues about his confinement and asking the court for assistance (Docs. 33, 34 and 35).

As the Magistrate Judge states, plaintiff acknowledges that he has been examined and treated by prison medical staff for his complaints. While he disagrees with the findings and diagnoses, he has failed to establish deliberate indifference to a serious medical need.[3]

---

[3] The Magistrate Judge also recommends that we dismiss plaintiff's complaint as unopposed under Local Rule 7.6 and Fed. R. Civ. P. 41(b), failure to prosecute.

In response to plaintiff's objections, defendant, Barbara Joe, filed a brief in opposition to the objections (Doc. 32). In the brief, defendant, Barbara Joe, refers to the Magistrate Judge's February 8, 2013 Report and Recommendation wherein he finds that the complaint affirmatively reveals that the plaintiff cannot sustain an Eighth Amendment deliberate indifference claim against medical staff because it is undisputed that the plaintiff has received medical care on numerous occasions, and that multiple tests have failed to confirm his fear that he suffers from some form of cancer.

We have reviewed the documentation submitted by plaintiff since the filing of the Magistrate Judge's Report and Recommendation. We note that these filings are rambling and, in some cases, unintelligible. They also raise matters unrelated to plaintiff's original claims.

As to the claims raised in the instant complaint, we agree with the Magistrate Judge that while plaintiff disagrees with and is dissatisfied with the treatment provided by the prison medical providers, plaintiff has failed to set forth an Eighth Amendment claim of deliberate indifference to a serious medical need. Therefore, we will adopt the Report and Recommendation of the Magistrate Judge (Doc. 25), grant the defendants' motions to dismiss (Docs. 19 and 23), and dismiss plaintiff's complaint.[4] An appropriate Order follows.

---

[4] As to the various claims plaintiff has attempted to raise in his many filings with the court, plaintiff is free to file a new action.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

WARREN RILEY,                          :
         Plaintiff,           :
                     :     CIVIL ACTION NO. 3:12-CV-1818
         v.                   :
                     :     (Judge Kosik)
DR. JOHN LISIZK, et al.,               :
         Defendants.          :

## ORDER

AND NOW, THIS _____30th_____ DAY OF APRIL, 2013, IT IS HEREBY ORDERED THAT:

(1) The Report and Recommendation of Magistrate Judge Martin C. Carlson dated February 8, 2013 (Doc. 25) is **ADOPTED**;

(2) The defendants' motions to dismiss (Docs. 19 and 23) are **GRANTED**;

(3) The above-captioned complaint is **DISMISSED**; and

(4) The Clerk of Court is directed to **CLOSE** this case and to forward a copy of this Memorandum and Order to the Magistrate Judge.


Edwin M. Kosik
United States District Judge